UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANDRES MENDOZA, | ) | |
| | ) | |
| Petitioner, | ) | 3:10-cv-0549-ECR-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ROBERT LEGRAND, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se.* Before the Court is Petitioner's Second Amended Petition (ECF No. 13), respondents' Motion to Dismiss (ECF No. 27), petitioner's opposition (ECF No. 29), and respondents' Reply (ECF No. 30). Also pending is a motion to file a document under seal (ECF No. 21), the presentence investigation report. Respondents argue that the two claims presented in the Second Amended Petition are unexhausted. Based on the following discussion, the motions shall be granted.

**I.    Procedural History**

Petitioner was charged with one count of Attempted Lewdness with a Child under the Age of 14 and one count of Attempted Sexual Assault with a Minor under the Age of 14 in April of 2009. Exhibit 8.[1] Petitioner was convicted on the charges following a plea of guilty. Exhibit 9. He was

---

[1] The exhibits referenced in this order were submitted by respondents in support of their motion to dismiss and are found in the Court's record at ECF No. 18-20.

sentenced on May 19, 2009, to two consecutive terms of 120 months in prison with the possibility of parole after 48 months. Exhibit 12. Judgment of conviction was entered on May 21, 2009. *Id.*

On March 19, 2010, petitioner filed a proper person motion to withdraw his guilty plea. Exhibit 19. The district court denied the motion at a hearing on March 30, 2010. Exhibit 22. A written order was entered on June 11, 2010. Exhibit 28. Petitioner appealed. Exhibit 23. Petitioner filed a motion to strike the Fast-Track Statement filed by petitioner's former counsel and a motion to file an opening brief, which the Nevada Supreme Court granted in part, striking the Fast Track Statement. Exhibits 33 and 34. The court did not allow additional briefing, but confirmed it would consider the arguments made in petitioner's Motion to Strike the Fast Track Statement. *Id.* On January 13, 2011, the Nevada Supreme Court entered its order affirming the trial court's denial of petitioner's motion to withdraw his guilty plea. Exhibit 35.

On September 9, 2010, petitioner commenced the instant action by filing a document entitled "Interstate Agreement on Detainers." ECF No. 1. Ultimately, once the Court and the parties determined the true nature of petitioner's claims, a proper petition pursuant to 28 U.S.C. § 2254 was submitted. ECF No. 13. The petition was amended twice and the current, Second Amended Petition (ECF No. 26), raises two ground for relief.

> I. Petitioner was denied his rights to due process because the guilty plea agreement was breached when the state failed to provide a psychosexual evaluation which may have permitted petitioner to obtain probation, making his plea involuntary and unknowing.
>
> II. Petitioner received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment when counsel permitted the plea agreement to be breached by the state's failure to provide a psychosexual evaluation and permitted the court to sentence petitioner without the benefit of the psychosexual report.

Second Amended Petition (ECF No. 26).

Respondents move to dismiss the petition, claiming none of the grounds for relief have

2

been properly presented to the Nevada Supreme Court for purposes of exhaustion.

**II.     Standard of Review**

    A.     <u>Exhaustion</u>

        A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[2] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). The petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts might have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) quoting *Kelly v. Small,* 315 F.3d 1063, 1066 (9th Cir. 2003). The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001). Additionally, a pro se petitioner may exhaust his claim by citing to state case law which applies the federal standard. *Peterson v. Lampert,* 319 F.3d 1153, 1158 (2003) ("citation to a state case analyzing a federal constitutional issues serves the same purpose as a citation to a federal case analyzing such an issue").

        The mere similarity of claims of state and federal error is insufficient to establish

---

[2] 28 U.S.C. § 2254(b) states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

exhaustion. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *citing Duncan v. Henry,*, 513 U.S. 364, 366, 115 S.Ct. 887 (1995); *see also Lyons*, 232 F.3d at 668-69; *Shumway v. Payne,* 223 F.3d 982, 987 (9th Cir. 2000). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106, *citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *see also Shumway*, 223 F.3d at 987.

The fact that the state court does not explicitly rule on the merits of petitioner's claims is irrelevant, because exhaustion requires only that the state court be given the opportunity to consider the claims that have been presented. *Smith v. Digmon*, 434 U.S. 332, 333-334, 98 S.Ct. 257, 258 (1978); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985); *accord Carter v. Estelle*, 677 F.2d 427 (5th Cir. 1982) and *United States ex rel. Giesler v. Walters*, 510 F.2d 887, 892 (3d Cir. 1975).

Where the claims are presented for the first time in a procedurally inadequate or improper manner, such claims are not exhausted. A state may mandate that a petitioner use a particular procedure for a particular type of claim "so long as the right of review is not foreclosed or unduly limited. *Kellotat v. Cupp,* 719 F.2d 1027, 1030 (9th cir. 1983) (quoting *Thompson v. Procunier,* 539 F.2d 26, 28 (9th Cir. 1976) (per curiam)). In such a state, if the petitioner fails to invoke the required procedure, exhaustion is not satisfied even if the petitioner raises the claim through an alternative procedure. *See Kellotat,* 719 F.2d 1030 (holding that petitioner failed to exhaust state remedies by raising improper denial of appointment of appellate counsel on direct appeal instead of in post-conviction proceedings.).

B. Discussion

Ground One

> Petitioner was denied his rights to due process because the guilty plea agreement was breached when the state failed to provide a psychosexual evaluation which may have permitted petitioner to obtain probation, making his plea involuntary and unknowing.

Respondents argue this ground is unexhausted. They note that the only claims ever presented to the Nevada Supreme Court by petitioner to attack the validity of his conviction and or sentence were through the appeal of the denial of his motion to withdraw his guilty plea. That

4

document, respondents contend, did not argue that the plea should be withdrawn because the state breached the plea agreement, but rather because counsel provided erroneous advice. They acknowledge that petitioner did include reference to the state breaching the plea agreement in his "introductory remarks." *See* Exhibit 19, pp. 1-5. They assert that the motion included a separate "Arguments" section which did not make this claim. *Id.* at 5, *et seq.*

Petitioner argues that he exhausted the claim because the introductory section of his motion to withdraw the guilty plea contained the assertion that the pre-sentence investigation (PSI) report made "no mention of any psychosexual evaluation being conducted." Exhibit 19, p. 4.

In his state motion to withdraw the guilty plea, petitioner argued that the plea agreement contained misinformation about the availability of probation for the offenses to which he was about to plead guilty. He argued that none of the "officers of the court" corrected the guilty plea agreement information and no one told petitioner that probation was not available. Exhibit 19, p. 6. He further argues that the defense attorney gave him incorrect advice and improperly allowed him to enter into the guilty plea agreement when it contained misinformation about probation and its availability. *Id*. at 7-8.

This ground for relief is unexhausted. Petitioner did not offer the Nevada Supreme Court a fair opportunity to review and correct the alleged breach of the plea agreement by the state in failing to provide for or ensure that a psychosexual evaluation was done prior to sentencing. Nowhere in the motion to withdraw the guilty plea does petitioner claim that the state breach the plea agreement. *Castillo v. McFadden*, 399 F.3d at 999. Nowhere in the motion to withdraw the guilty plea does petitioner indicate that such a breach is a violation of the due process guarantees of the United State Constitution. *Id.*

Ground Two

Petitioner received ineffective assistance of counsel in violation of his rights guaranteed by the Sixth Amendment when counsel permitted the plea agreement to be breached by the state's failure to provide a psychosexual evaluation and permitted the court to sentence petitioner without the benefit of the psychosexual report.

5

1    Respondents argue this claim is unexhausted because, while he made general allegations
2 of attorney error during plea negotiations, he did not fairly present his claim that counsel was ineffective
3 at sentencing for failing to object to the State's failure to conduct a psychosexual evaluation.
4    In his motion, petitioner specifically alleges:

> By not only not correcting the record, but to advise and allow defendant to sign and enter a plea of guilt, with full knowledge he thinks probation is an option, such advice would never have been given by a defense attorney who was truely [sic] working as an advisary [sic] to the state.

Exhibit 19, p. 7 (emphasis in original).

9    A review of the motion to withdraw the guilty plea confirms that his claim is
10 unexhausted. Although, as noted above, petitioner does claim counsel was ineffective for not informing
11 petitioner of the true facts surrounding the potential for probation, nowhere in the motion does petitioner
12 argue that counsel was ineffective for allowing the state to breach the agreement or at sentencing for
13 failing to object to the sentencing without a psychosexual evaluation or report. This claim, too, is
14 unexhausted because it does not allege the same deficiencies in counsel's performance as were alleged
15 to the Nevada Supreme Court. *See Hemmerle v. Schriro,* 495 F.3d 1069, 1075 (9th Cir. 2007) (claims
16 of ineffective assistance of counsel are not fungible and are highly fact-specific); *see also Moorman v*
17 *Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005).

### III. Conclusion

21    Petitioner presents this Court with a Second Amended Petition that is fully unexhausted.
22 Because comity concerns require the federal court to allow the state court a first opportunity to review
23 and correct any deficiencies in petitioner's criminal proceedings, this Court is unable to grant relief on
24 the claims presented herein. *See Rose v. Lundy*, 455 U.S. 509; *see also* 28 U.S.C. § 2254(b). The
25 petition must be dismissed.

A.     Certificate of Appealability

Should petitioner wish to appeal this decision, he must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard because they remain unexhausted in state court. The Court will therefore deny petitioner a certificate of appealability on this dismissal without prejudice.

**IT IS THEREFORE ORDERED** that the motion to file the sealed document (ECF No. 21) is **GRANTED.** The Clerk shall detach and file, **UNDER SEAL**, the attached Presentence Investigation Report submitted with this motion.

**IT IS FURTHER ORDERED** that the Motion to Dismiss the petitioner (ECF No. 27) is **GRANTED.** The petition is **DISMISSED WITHOUT PREJUDICE** as unexhausted.

**IT IS FURTHER ORDERED** that no Certificate of Appealblity is warranted in this

matter and none shall issue.

        The Clerk shall enter judgment accordingly.

        DATED this 12th day of June 2012.

_____
UNITED STATES DISTRICT JUDGE